# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH TELL** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **PHILA. DISTRICT ATTORNEY** | : | **NO. 14-02679** |

### REPORT AND RECOMMENDATION

RICHARD A. LLORET                                                         July 25, 2014
U.S. Magistrate Judge

      On May 8, 2014, Joseph Tell filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Docket No. 1, "Petition." In the petition he named the Philadelphia District Attorney as defendant. Petition, p. 1. Tell claims that the "prosecution has failed to bring my case to trial within 180 days." Petition, ¶ 7(a). He also claims that "Pa C.S.A. states a criminal defendant must be brought to trial within 180 days of detention or if prosecution does not the charges must be withdrawn with predudice [sic]." *Id.* Tell alleges he was arrested September 8, 2013, and that as of the date of his petition (May 8, 2014) "over 240 days have elapsed." Petition, ¶ 8. Petitioner asks for immediate release. Petition, ¶ 8. In response to a question about whether he had presented his claim to a state or federal court, Tell stated "I have filed 3 600 rule violation petitions with Criminal Justice Center 1301 Filbert Street Rm. 206. . ." Petition, p. 4.[1] The District Court referred this matter to me for a report and recommendation. Docket, No. 2.

---

[1] Tell does not actually allege a violation of a federal constitutional right in his petition. I will construe the petition liberally as an effort to allege a Sixth Amendment speedy trial claim. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010).

A review of Petitioner's state court docket[2] reveals that on several occasions Mr. Tell's attorney has requested continuances. Docket in *Commonwealth of Pennsylvania v. Joseph Tell*, No. CP-51-CR-0013637-2013, Court of Common Pleas of Philadelphia County ("CCP," a copy of which is attached as Exhibit "A"), pp. 4-6. The docket also reveals that Mr. Tell moved to have new counsel appointed, on March 17, 2014, and that Tell's new attorney entered an appearance on March 18, 2014.  CCP, p. 6. A status listing was held on April 3, 2014, and a trial scheduled for May 11, 2014. CCP, p. 7. There is no indication from the docket that a trial took place. On and after the date of the last trial readiness conference, April 10, 2014, Mr. Tell filed a number of motions in the trial court that apparently remain unresolved. CCP, p. 7-8.  Petitioner's case is still waiting for trial, and there has been no appeal.

Ordinarily a prisoner must present all of his claims to a state's intermediate appellate courts, as well as to its supreme court,[3] before a district court may entertain a federal petition for habeas corpus, whether brought under 28 U.S.C. § 2254(b)(1)(A) or § 2241. *See Schandelmeier v. Cunningham,* 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law . . . as to claims brought under 28 U.S.C. § 2241") (citations and internal quotations omitted); *Moore v. DeYoung,* 515 F.2d 437, 442 (3d Cir.1975) (no distinction between § 2254 and § 2241 "insofar as the exhaustion requirement is concerned").  The Third Circuit explained why:

---

[2] It is appropriate to take judicial notice of the state court records in Tell's case. *See Furnari v. Warden, Allenwood Fed. Corr. Inst.*, 218 F.3d 250, 255-56 (3d Cir. 2000); *U. S. ex rel. Geisler v. Walters*, 510 F.2d 887, 890 n.4 (3d Cir. 1975).

[3] As a result of *In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000), Pennsylvania prisoners need not appeal to the Pennsylvania Supreme Court in order to exhaust their state remedies. *Lambert v. Blackwell,* 387 F.3d 210, 233 (3d Cir. 2004).

> "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489 (1973). The rule is premised on the notion of comity, a principle of deference and "proper respect" for state governmental functions in our federal system. *See Younger v. Harris,* 401 U.S. 37, 44 (1971).

*Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." *Caswell v. Ryan,* 953 F.2d 853, 857 (3d Cir. 1992).

The exhaustion requirement is satisfied if a claim is "fairly presented" to the state courts. *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971)). A claim is "fairly presented" when "both the legal theory and the facts supporting a federal claim . . . have been submitted to the state courts." *Lesko v. Owens,* 881 F.2d 44, 50 (3d Cir.1989) (citations omitted).

While federal courts have jurisdiction to issue a habeas writ before a judgment issues in a state criminal proceeding, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." *Moore*, 515 F.2d at 441-43 (citations omitted). A petitioner must allege "delay, harassment, bad faith or other intentional activity" in order to establish the "extraordinary circumstances" that would justify pre-exhaustion federal habeas relief. *Lambert v. Blackwell,* 134 F.3d 506, 517 (3d Cir.1997) (quoting *Moore*, 515 F.2d at 447 n. 12).

In *Moore* the Court of Appeals held that a state prisoner had failed to establish "extraordinary circumstances," despite the Court's "distress with the manner in which a state law enforcement office has conducted the proceedings[.]"515 F.2d at 439. Moore, a

3

state prisoner, had been "exposed to state court trial in New Jersey since 1967." *Id.* In 1973 Moore filed a federal habeas action seeking the dismissal of his state case on speedy trial grounds. *Id.* The Court distinguished *Braden*, in which the Supreme Court had permitted a pre-trial habeas petition based on an alleged speedy trial violation. 515 F.2d at 444, 446. In *Braden*, unlike *Moore*, petitioner had exhausted his state remedies, and in *Braden* the petitioner sought to force the Commonwealth to bring him to trial, rather than to have his case dismissed. 515 F.2d at 444, 446.

The delay in Tell's case is perfectly ordinary. At least some of it was occasioned by relief sought by Tell or his attorney. The delay is nowhere near as lengthy as the delay considered in *Moore*, where the Court denied a writ. Tell's case is "precisely the situation anticipated by the Supreme Court's caveat that federal courts should not permit the claimed denial of a speedy trial, presented in a pre-trial application for habeas, to result in the 'derailment of a pending state proceeding.'" 515 F.2d at 445-46 (citing to *Braden*, 410 U.S. at 493).

By order dated July 7, 2014, I required the parties to state a basis for objecting to dismissal of the petition without prejudice by July 21, 2014. Docket, No. 3. No objection has been filed. Petitioner has not exhausted his state remedies, nor do the allegations of his petition establish the "extraordinary circumstances" necessary to avoid the exhaustion requirement.

Accordingly, I make the following:

### R E C O M M E N D A T I O N

AND NOW, this 25th day of July, 2014, it is respectfully recommended that

Joseph Tell's petition for habeas corpus be DISMISSED, without prejudice.

              **BY THE COURT:**


             *s/Richard A. Lloret*
             **RICHARD A. LLORET**
             **U.S. MAGISTRATE JUDGE**

# EXHIBIT A

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## DOCKET

Docket Number: CP-51-CR-0013637-2013

## CRIMINAL DOCKET
### Court Case



Commonwealth of Pennsylvania
v.
Joseph Tell

Page 1 of 9

## CASE INFORMATION

Judge Assigned: Bright, Gwendolyn N.　　　　　Date Filed: 11/01/2013　　　Initiation Date: 11/01/2013
OTN: N 880002-4　　　LOTN:　　　　　　　　　Originating Docket No: MC-51-CR-0035133-2013
Initial Issuing Authority: Wendy L. Pew　　　　Final Issuing Authority:
Arresting Agency: Philadelphia Pd　　　　　　Arresting Officer: Campbell, Joseph G.
Complaint/Incident #: 1315086150-0035133

Case Local Number Type(s)　　　　　　　　　Case Local Number(s)
　Originating Docket Number　　　　　　　　MC-51-CR-0035133-2013
　District Control Number　　　　　　　　　1315086150
　Originating Document Number　　　　　　1315086150-0035133

## STATUS INFORMATION

Case Status: Active

| Status Date | Processing Status | Arrest Date: | 09/09/2013 |
|---|---|---|---|
| 04/03/2014 | Awaiting Trial Readiness Conference | | |
| 04/03/2014 | Awaiting Trial | | |
| 11/21/2013 | Awaiting Pre-Trial Conference | | |
| 11/08/2013 | Awaiting Formal Arraignment | | |
| 11/01/2013 | Awaiting Filing of Information | | |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 11/21/2013 | 11:00 am | 1104 | | Scheduled |
| Pre-Trial Conference | 12/10/2013 | 9:00 am | 1005 | Judge Donna Woelpper | Scheduled |
| Pretrial Bring Back | 12/17/2013 | 9:00 am | 1005 | Judge Donna Woelpper | Continued |
| Pretrial Bring Back | 01/14/2014 | 9:00 am | 1005 | Judge Donna Woelpper | Scheduled |
| Scheduling Conference | 02/03/2014 | 9:00 am | 1102 | Judge Gwendolyn N. Bright | Continued |
| Scheduling Conference | 02/12/2014 | 9:00 am | 1102 | Judge Gwendolyn N. Bright | Continued |
| Scheduling Conference | 02/25/2014 | 9:00 am | 1102 | Judge Gwendolyn N. Bright | Continued |
| Scheduling Conference | 03/17/2014 | 9:00 am | 1102 | Judge Gwendolyn N. Bright | Scheduled |
| Status Listing | 04/03/2014 | 9:00 am | 1102 | Judge Gwendolyn N. Bright | Scheduled |
| Trial Readiness Conference | 04/10/2015 | 9:00 am | 1102 | Judge Gwendolyn N. Bright | Scheduled |
| Trial | 05/11/2015 | 9:00 am | 1102 | Judge Gwendolyn N. Bright | Scheduled |

CPCMS 9082　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Printed: 07/24/2014

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## DOCKET



**Docket Number: CP-51-CR-0013637-2013**

## CRIMINAL DOCKET
### Court Case

Commonwealth of Pennsylvania
v.
Joseph Tell

Page 2 of 9

### CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|
| 09/09/2013 | County Jail | Curran-Fromhold Corr. Fac. | | Yes |

### DEFENDANT INFORMATION

Date Of Birth:   10/05/1958    City/State/Zip: Philadelphia, PA  19135

### CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Tell, Joseph |

### BAIL INFORMATION

**Tell, Joseph**                                                                 Nebbia Status: None

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Set | 09/09/2013 | Monetary | 10.00% | $700,000.00 | | |
| Decrease Bail Amount | 10/10/2013 | Monetary | 10.00% | $100,000.00 | | |

### CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | | 18 § 3123 | IDSI Forcible Compulsion | 09/08/2013 | N 880002-4 |
| 2 | 2 | | 18 § 3124.1 | Sexual Assault | 09/08/2013 | N 880002-4 |
| 3 | 3 | | 18 § 2902 | Unlawful Restraint/ Serious Bodily Injury | 09/08/2013 | N 880002-4 |
| 4 | 4 | | 18 § 3126 | Indecent Assault Forcible Compulsion | 09/08/2013 | N 880002-4 |
| 5 | 5 | | 18 § 3127 | Indecent Exposure | 09/08/2013 | N 880002-4 |
| 6 | 6 | | 18 § 2903 | False Imprisonment | 09/08/2013 | N 880002-4 |

### DISPOSITION SENTENCING/PENALTIES

Disposition
  Case Event
    Sequence/Description
      Sentencing Judge
        Sentence/Diversion Program Type
          Sentence Conditions

Disposition Date
  Offense Disposition
    Sentence Date
      Incarceration/Diversionary Period

Final Disposition
  Grade   Section
    Credit For Time Served
      Start Date

**Lower Court Proceeding (generic)**

| Preliminary Hearing | 10/31/2013 | Not Final | |
|---|---|---|---|
| 1 / IDSI Forcible Compulsion | Held for Court | | 18 § 3123 §§ A1 |
| 2 / Sexual Assault | Held for Court | | 18 § 3124.1 |
| 3 / Unlawful Restraint/ Serious Bodily Injury | Held for Court | | 18 § 2902 §§ A1 |
| 4 / Indecent Assault Forcible Compulsion | Held for Court | | 18 § 3126 §§ A2 |
| 5 / Indecent Exposure | Held for Court | | 18 § 3127 §§ A |

CPCMS 9082                                                                                                   Printed: 07/24/2014

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## DOCKET

Docket Number: CP-51-CR-0013637-2013

# CRIMINAL DOCKET
## Court Case



Commonwealth of Pennsylvania
v.
Joseph Tell

Page 3 of 9

## DISPOSITION SENTENCING/PENALTIES

| Disposition | Disposition Date | Final Disposition | |
|---|---|---|---|
| Case Event | Offense Disposition | Grade | Section |
| Sequence/Description | Sentence Date | Credit For Time Served | |
| Sentencing Judge | Incarceration/Diversionary Period | Start Date | |
| Sentence/Diversion Program Type | | | |
| Sentence Conditions | | | |
| 6 / False Imprisonment | Held for Court | | 18 § 2903 §§ A |
| **Proceed to Court**   Defendant Was Not Present | | | |
| Information Filed | 11/08/2013 | Not Final | |
| 1 / IDSI Forcible Compulsion | Held for Court | | 18 § 3123 §§ A1 |
| 2 / Sexual Assault | Held for Court | | 18 § 3124.1 |
| 3 / Unlawful Restraint/ Serious Bodily Injury | Held for Court | | 18 § 2902 §§ A1 |
| 4 / Indecent Assault Forcible Compulsion | Held for Court | | 18 § 3126 §§ A2 |
| 5 / Indecent Exposure | Held for Court | | 18 § 3127 §§ A |
| 6 / False Imprisonment | Held for Court | | 18 § 2903 §§ A |

### COMMONWEALTH INFORMATION

Name: Philadelphia County District Attorney's Office
Prosecutor
Supreme Court No:
Phone Number(s):
  215-686-8000   (Phone)
Address:
  3 South Penn Square
  Philadelphia, PA  19107

### ATTORNEY INFORMATION

Name: Darryl A. Irwin
  Court Appointed
Supreme Court No:  018413
Rep. Status:  Active
Phone Number(s):
  215-222-0651   (Phone)
  215-222-0653   (Fax)
Address:
  315 N 37TH St
  Philadelphia, PA  19104-2359

Representing: Tell, Joseph

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 11/01/2013 | | Court of Common Pleas - Philadelphia County |
| Held for Court | | | |
| 1 | 11/08/2013 | | Commonwealth of Pennsylvania |
| Information Filed | | | |

CPCMS 9082                                                                                                                 Printed: 07/24/2014

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## DOCKET



Docket Number: CP-51-CR-0013637-2013
## CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
Joseph Tell

Page 4 of 9

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 5 | 11/21/2013 | | Court of Common Pleas - Philadelphia County |

Hearing Notice

| 1 | 12/10/2013 | | Woelpper, Donna |

Motion for Continuance

Defense request , counsel unavailable. . Time ruled excludable.
Ncd :12/17/13  rm  1005
custody
Judge Donna Woelpper, ADA:  B Daisey, D atty D Rudenstein DRT:  W Evans, Clerk: L Gordon

| 1 | 12/17/2013 | | Woelpper, Donna |

Order Granting Motion for Continuance

PRE-TRIAL CONFERENCE HELD
DISCOVERY COMPLETE.
DEFENSE REQUEST TO CONVEY OFFER

NEXT COURT DATE: 1/14/14  ROOM: 1005
DATE IS EARLIEST POSSIBLE DATE CONSISTENT WITH ALL COUNSEL AND COURT CALENDAR
DEFENDANT IN CUSTODY (CFCF)

HONORABLE: DONNA WOELPPER
ADA: JOHN MORGAN    PD: LINDA KING/MARGARET FUNK
DRT: TABITHA ABNEY   CLERK: KIM FORD

| 1 | 12/31/2013 | | Tell, Joseph |

Motion for Modification of Bail

| 1 | 01/07/2014 | | Tell, Joseph |

Motion for Suppression

| 2 | 01/07/2014 | | Tell, Joseph |

Motion to Quash

| 1 | 01/08/2014 | | Tell, Joseph |

Defense Request - Jury Trial

| 2 | 01/08/2014 | | Tell, Joseph |

Motion to Set Nominal Bail

---

CPCMS 9082                                                                                    Printed: 07/24/2014

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## DOCKET



Docket Number: CP-51-CR-0013637-2013
## CRIMINAL DOCKET
#### Court Case

Commonwealth of Pennsylvania
v.
Joseph Tell

Page 5 of 9

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 3 | 01/08/2014 | | Tell, Joseph |

Motion to Dismiss Pursuant to Rule 600

| 3 | 01/14/2014 | | Woelpper, Donna |

Pre-Trial Conference Held

Commonwealth offer rejected by defendant. Signed offer sheet to be provided prior to next court date.   List for trial.

Scheduling conference on
NCD: 2/3/14  rm 1102
custody
Date given is earliest possible date
Judge Donna Woelpper, ADA: J Morgan, D atty D Rudenstein, DRT: R Sturdivant, Clerk: L Gordon

| 1 | 01/23/2014 | | Tell, Joseph |

Motion to Compel

| 1 | 01/29/2014 | | Tell, Joseph |

Motion to Quash

| 4 | 02/03/2014 | | Bright, Gwendolyn N. |

Order Granting Motion for Continuance

Scheduling Conference Continued-Defense Request. Time Ruled Excludable. NCD: 2-12-14 Rm. 1102
Judge: G. Bright/ ADA: NA/ Atty. : D. Rudenstein/ Steno: S. Jackson/ Ct. Clerk: J. King

| 4 | 02/12/2014 | | Tell, Joseph |

Petition for Writ of Habeas Corpus Filed

| 5 | 02/12/2014 | | Tell, Joseph |

Motion to Quash

| 6 | 02/12/2014 | | Bright, Gwendolyn N. |

Order Granting Motion for Continuance

Scheduling Conference Continued-Defense Request. NCD: 2-25-14 Rm. 1102
Judge: G. Bright/ ADA: NA/ Atty. : D. Rudenstein/ Steno: S. Jackson/ Ct. Clerk: J. King

| 1 | 02/24/2014 | | Tell, Joseph |

Motion to Dismiss Pursuant to Rule 600

| 2 | 02/24/2014 | | Tell, Joseph |

Motion to Suppress Statements

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

Case 2:14-cv-02679-SD   Document 4   Filed 07/25/14   Page 12 of 15

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## DOCKET



**Docket Number: CP-51-CR-0013637-2013**
## CRIMINAL DOCKET
### Court Case

Commonwealth of Pennsylvania
v.
Joseph Tell

Page 6 of 9

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 4 | 02/25/2014 | | Bright, Gwendolyn N. |

Order Granting Motion for Continuance
  Scheduling Conference Continued. Defense Request. List For Status Of Counsel. Time Ruled Excludable. NCD: 3-17-14 Rm. 1102
  Judge: G. Bright/ ADA: B. Jaycox/ Atty. : D. Rudenstein/ Steno: S. Jackson/ Ct. Clerk: J. King

| 1 | 02/26/2014 | | Tell, Joseph |

Motion to Quash Return of Transcript and Original Papers

| 2 | 02/26/2014 | | Tell, Joseph |

Motion to Suppress Evidence

| 1 | 03/05/2014 | | Tell, Joseph |

Motion for Appointment of Public Defender

| 1 | 03/07/2014 | | Tell, Joseph |

Motion to Quash

| 2 | 03/07/2014 | | Tell, Joseph |

Motion to Set Nominal Bail

| 3 | 03/07/2014 | | Tell, Joseph |

Motion to Subpoena Witness

| 1 | 03/10/2014 | | Tell, Joseph |

Motion for Modification of Bail

| 1 | 03/14/2014 | | Tell, Joseph |

Motion for Sanctions

| 2 | 03/17/2014 | | Bright, Gwendolyn N. |

Order Granting Motion for Continuance
  Scheduling Conference Continued-Defense Request. Defense Counsel Motion To Withdraw And Defendant's Motion To Have New Counsel Appointed Granted. List For Status Of Counsel. Time Ruled Excludable From 3-17-14 To 4-3-14. NCD: 4-3-14 Rm. 1102
  Judge: G. Bright/ ADA: M. Goddard For B. Jaycox/ Atty. : D. Rudenstein/ Steno: L. Postiglione/ Ct. Clerk: J. King

| 1 | 03/18/2014 | | Irwin, Darryl A. |

Entry of Appearance

CPCMS 9082                                                                                    Printed: 07/24/2014

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## DOCKET



Docket Number: CP-51-CR-0013637-2013
# CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
Joseph Tell

Page 7 of 9

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 03/27/2014 | | Tell, Joseph |
| Defense Request for Subpeona Duces Tecum | | | |
| 1 | 04/03/2014 | | Bright, Gwendolyn N. |
| Counsel Attached for Trial | | | |
| The Court orders ADA Brandon Jaycox and Defense Counsel Darryl A. Irwin attached for a 3 day Jury Trial on 5/11/2014 in Courtroom 1102 and a Status Hearing on 4/10/2015 in Courtroom 1102 | | | |
| 2 | 04/03/2014 | | Bright, Gwendolyn N. |
| Counsel Attached for Trial | | | |
| The Court orders ADA Brandon Jaycos and Defense Counsel Darryl A. Irwin attached for a 3 day Jury Trial on 5/11/2015 in Courtroom 1102 | | | |
| 5 | 04/03/2014 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 7 | 04/03/2014 | | Court of Common Pleas - Philadelphia County |
| Hearing Notice | | | |
| 8 | 04/03/2014 | | Bright, Gwendolyn N. |
| Status Listing | | | |
| Discovery Complete. List For Status. Three Day Jury Trial To Be Listed For 5-11-15. Both Counsel Attached For Both Dates. Time Ruled Excludable. NCD: 4-10-15 Rm. 1102 Judge: G. Bright/ ADA: B. Jaycox/ Atty. : D. Irwin/ Steno: L. Coffman/ Ct. Clerk: J. King | | | |
| 1 | 04/09/2014 | | Bright, Gwendolyn N. |
| Corrective Docket Entry | | | |
| Docket Entry Of 4-3-14 Is Corrected To Note That The Next Court Date Is 4-10-15 Not 4-10-14. Judge: G. Bright/ ADA: B. Jaycox/ Atty. : D. Irwin/ Steno: L. Coffman/ Ct. Clerk: J. King | | | |
| 1 | 04/10/2014 | | Tell, Joseph |
| Motion to Dismiss | | | |
| 1 | 05/02/2014 | | Tell, Joseph |
| Motion for Sanctions | | | |
| 1 | 05/12/2014 | | Tell, Joseph |
| Motion for Modification of Bail | | | |

CPCMS 9082                                                                                                     Printed: 07/24/2014

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## DOCKET



Docket Number: CP-51-CR-0013637-2013
## CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
Joseph Tell

Page 8 of 9

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 05/13/2014 | | Tell, Joseph |
| Motion for Sanctions | | | |
| 1 | 06/06/2014 | | Tell, Joseph |
| Motion to Set Nominal Bail | | | |
| 1 | 06/10/2014 | | Tell, Joseph |
| Motion to Dismiss | | | |
| 2 | 06/10/2014 | | Tell, Joseph |
| Motion to Quash Return of Transcript and Original Papers | | | |
| 1 | 06/18/2014 | | Tell, Joseph |
| Motion to Proceed Pro Se | | | |
| 2 | 06/18/2014 | | Tell, Joseph |
| Motion and Demand for Speedy Trial | | | |
| 1 | 06/19/2014 | | Tell, Joseph |
| Request For Subpoena | | | |
| 1 | 06/24/2014 | | Tell, Joseph |
| Motion to Dismiss Pursuant to Rule 600 | | | |
| 1 | 07/17/2014 | | Tell, Joseph |
| Pro Se Correspondence | | | |

CPCMS 9082

Printed: 07/24/2014

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## DOCKET



Docket Number: CP-51-CR-0013637-2013
## CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
Joseph Tell

Page 9 of 9

### CASE FINANCIAL INFORMATION

Last Payment Date:  Total of Last Payment:

| Tell, Joseph<br>Defendant | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| Motion Filing Fee (Philadelphia) | $12.50 | $0.00 | $0.00 | $0.00 | $12.50 |
| Motion Filing Fee (Philadelphia) | $12.50 | $0.00 | $0.00 | $0.00 | $12.50 |
| Costs/Fees Totals: | $25.00 | $0.00 | $0.00 | $0.00 | $25.00 |
| Grand Totals: | $25.00 | $0.00 | $0.00 | $0.00 | $25.00 |

\*\* - Indicates assessment is subrogated

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.