IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH TELL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILA. DISTRICT ATTORNEY | : | NO. 14-2679 |

ORDER

AND NOW, this 2nd day of September, 2014, upon consideration of petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), our May 27, 2014 Order referring this matter to the Honorable Richard A. Lloret for a report and recommendation (docket entry # 2) pursuant to Local Rule 72.1 and 28 U.S.C. §636(b)(1)(B), Judge Lloret's July 25, 2014 Report and Recommendation ("R&R") (docket entry # 4), and petitioner's requests for sanctions (docket entries ## 5, 6 and 9), his written objections (docket entry # 7) and his request for a court-appointed attorney (docket entry # 8), and the Court finding that:

(a) On May 8, 2014, Joseph Tell filed a petition for writ of habeas corpus, claiming that the prosecution had failed to bring his sexual-assault case to trial within 180 days of his September 8, 2013 arrest date as required by statute, R&R at 1;

(b) Judge Lloret, construing the petition liberally as a complaint, reviewed Tell's state-court docket to see whether he had presented his claims to a state court and found Tell had requested a number of continuances, moved for the appointment of new counsel, and filed motions that remained unresolved, while his case continues to await trial scheduled for May 11,

2014, id. at 1-2;[1]

   (c) Judge Lloret reviewed the well-established law that a state prisoner must present all of his claim to the state's intermediate appellate courts and supreme court before a district court may entertain a habeas petition, see 28 U.S.C. § 2254(b)(1)(A) and § 2241, because state courts must have the first opportunity to "preserve[] the role of state courts in protecting federally guaranteed rights," Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992);

   (d) As our Court of Appeals teaches, "It is an underlying principle of federal habeas corpus law. . .that 'federal habeas corpus does not lie, absent "special circumstances," to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court,' " Evans v. Court of Common Pleas, Delaware Cnty., Pa., 959 F.2d 1227, 1234 (3d Cir. 1992) (quoting Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973));

   (e) Judge Lloret also compared Tell's delay to the experience in Moore v. DeYoung, 515 F.2d 437 (3d Cir. 1975), where the state prisoner exposed to state court trial in New Jersey since 1967 unsuccessfully sought the dismissal of his state case in 1973 on speedy-trial grounds, and he concluded that Tell's year-long delay is "perfectly ordinary" and in part due to relief he himself sought, R&R at 3-4;

   (f) As a result of his findings, Judge Lloret recommended dismissal;

   (g) Tell timely filed objections, along with three motions for sanction, see

---

[1] Judge Lloret took judicial notice of the state court records in Tell's case, see R&R at 2 n.2 (citing Furnari v. Warden, Allenwood Fed. Corr. Inst., 218 F.3d 250, 255-56 (3d Cir. 2000)). We adopt his findings. See R&R, Ex. A.

docket entries ## 5, 6, 7, and 9, and a request for the appointment of counsel, see docket entry # 8;

   (h) We must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" petitioner objects, see 28 U.S.C. § 636;

   (i) Tell objects as follows: (1) he has been in custody since his September 8, 2013 arrest; (2) he has filed Rule 600 motions while in custody;[2] (3) he has filed motions for complete discovery and states his attorney did not receive discovery until April 13, 2014, more than 200 days after his arrest; (4) this delay, he avers, violates his state and federal constitutional rights to a speedy trial; (5) his trial is in fact scheduled for April 12, 2015, more than twenty-one months after his arrest;[3] (6) his court-appointed attorney has neither visited him now written to him, as a result of which Tell is uninformed about his accuser of the evidence against him; (7) none of his Rule 600 motions or bail petitions were scheduled for a hearing; (8) as a result, he is effectively being held without a state remedy; (9) he also objected to the "special circumstances" standard for federal habeas review because, he argues, the state court cannot monitor or correct itself; (10) he has exhausted his duty to petition the state court, as evinced by his petitions; (11) he fairly presented his claims; (12) Judge Lloret's conclusion is in error because his pretrial detention is excessive and unconstitutional; (13) Tell has requested sanctions be paid to the Court as a show of good faith; (14) he seeks immediate release; and finally, (15) he objects to Judge Lloret's finding that his case is perfectly ordinary;

---

[2] Rule 600 of the Pennsylvania Rule of Criminal procedure provides in relevant part that "no defendant shall be held in pretrial incarceration in excess of 180 days from the date on which the complaint is filed." See Rule 600(B)(1).

[3] We note that the criminal docket appended to the R&R does, in fact, list Tell's trial date as May 11, 2015.

   (j) Tell appends as exhibits to his objections his state-court motion to be released on nominal bail pursuant to Rule 600; the text of the rule; and a portion of his state-court docket showing his motions and the date at which discovery was complete;

   (k) The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") grants prisoners in state custody the right to file a petition in a federal court seeking the issuance of a writ of habeas corpus, but the petitioner must exhaust all remedies available in the courts of the state, unless there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect his rights, 28 U.S.C. § 2254(b)(1);[4]

   (l) Although federal habeas corpus is generally a post-conviction remedy, a district court has subject matter jurisdiction to entertain a pretrial petition brought by a person who is in custody pursuant to an untried state indictment under 28 U.S.C. §2241(c)(3), which provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States," see Mokone v. Fenton, 710 F.2d 998 (3d Cir. 1983); Moore, 515 F.2d 437 (3d Cir. 1975);

   (m) But this power does not disturb the well-established deference that federal courts must give to the factual findings and legal determinations of the state courts or the exhaustion requirement, as the Supreme Court explained in Braden, 410 U.S. at 490-91: Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state

---

[4] It is well-established that "AEDPA increase[d] the deference federal courts must give to the factual findings and legal determinations of the state courts," Werts v. Vaughn, 228 F.3d 178, 196

adjudication, especially state criminal trials;

(n) As our Court of Appeals teaches, we may only consider a habeas petition from a pretrial state-court criminal defendant under "special circumstances" such as occurred in United States ex rel. Webb v. Court of Common Pleas, 516 F.2d 1034 (3d Cir. 1975), where the state-court defendant faced a third trial after two mistrials and our Court of Appeals concluded the Double Jeopardy Clause barred the Commonwealth from trying the defendant again;

(o) Similarly, when the state court declared a mistrial over the defendant's objection that there was no "manifest necessity" to do so, our Court of Appeals held in United States ex rel. Russo v. Superior Court of New Jersey, 483 F.2d 7 (3d Cir. 1973) that the federal court must issue a writ of habeas corpus to prevent a second trial;[5]

(p) Tell offers no evidence of cognate "special circumstances" here, as he has as yet failed to exhaust his state remedies;

(q) Nor has he exhausted his state remedies in an effort to enforce the Commonwealth's duty to provide him with a trial, as required, see Moore, 515 F.2d at 445;

(r) Finally, we agree with Judge Lloret that the delays Tell is experiencing do not, of themselves, fall within the range that our Court of Appeals found distressing in Moore (albeit without granting the writ in that case); and

(s) Accordingly, we will approve and adopt Judge Lloret's R&R;

(t) We turn to Tell's request for a court-appointed attorney and, noting that he is already represented by counsel in his state-court matter, we will deny his motion as he has failed

---

(3d Cir. 2000) (citing Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)).
[5] Accord Carden v. Montana, 626 F.2d 82, 83-85 (9th Cir. 1980).

to exhaust his state remedies and appointment of counsel would therefore avail him nothing;

  (u) We will also deny his motions for sanctions as they are unfounded;

  (v) Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . . . is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

  (w) Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); and

  (x) We do not believe that reasonable jurists could debate the conclusion that the state-court delay Tell is experiencing is perfectly ordinary and so we decline to issue a certificate of appealability;

  It is hereby ORDERED that:

  1. The report and recommendation is APPROVED and ADOPTED;

  2. Tell's objections are OVERRULED; and

  3. The Clerk of Court shall CLOSE this case statistically.

            BY THE COURT:


            <u>/s/ Stewart Dalzell, J.</u>